LAUREEN P. FRISTER, ESQ.
Nevada Bar No. 13217
VIVIENNE RAKOWSKY, ESQ.
Nevada Bar No. 9150
E-Mail: Laureen.Frister@lewisbrisbois.com
E-Mail: Vivienne,Rakowsky@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6385 S. Rainbow Blvd., Suite 600
Las Vegas, NV 89118
702.893.3383
FAX: 702.893.3789
*Attorneys for Defendant Lowe's Home Centers, LLC d/b/a Lowe's*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARIA ROSARIO MUNOZ,

Plaintiff,

vs.

LOWE'S HOME CENTERS, LLC d/b/a LOWE'S; and DOES I through X; inclusive; and ROE CORPORATIONS I through X, inclusive,

Defendants.

CASE NO. 2:22-cv-01168

**DEFENDANT LOWE'S HOME CENTERS, LLC'S PETITION FOR REMOVAL UNDER 28 U.S.C. § 1441 (DIVERSITY)**

Pursuant to 28 U.S.C. § 1441(b), Defendant LOWE'S HOME CENTERS, LLC d/b/a LOWE'S ("Defendant"), by and through its counsel, LEWIS BRISBOIS BISGAARD & SMITH LLP, files this Petition for Removal of Clark County District Court Case No. A-21-840107-C, entitled *Maria Rosario Munoz.v. Lowe's Home Centers LLC, et.al.* and states as follows:

1. On August 25, 2021, Plaintiff MARIA ROSARIO MUNOZ ("Plaintiff") filed a Complaint in the Eighth Judicial District Court, Clark County, Nevada, entitled *Maria Rosario Munoz. v. Lowe's Home Centers, LLC* ("State Court Action"). Plaintiff's Complaint and Summons, attached hereto as **Exhibits A and B**, respectively, constitute all of the pleadings served on Defendant.

2. On August 30, 2020, Defendant was personally served with the Summons and

Complaint at LOWE'S HOME CENTERS, LLC d/b/a LOWE'S, 1000 Lowes Blvd., Mooresville, NC 28117-8520. *Plaintiff's Notice of Service of Process*, attached hereto as **Exhibit C.**

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Venue is appropriate in the unofficial Southern District of the Court pursuant to 28 U.S.C. §§ 1393(b)(2) and (c); and LR IA6-1.

5. Defendant is informed and believes that Plaintiff was, at the time of filing the State Court Action, and is still is a resident of Clark County, State of Nevada. *Exhibit A* at ⁋ 1. Defendant is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business in the State of North Carolina. Diversity among the parties exists.

6. No other Defendants have appeared in this matter, and no other Defendants have been identified. *Exhibit A*.

7. In the State Court Action, the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

The Complaint in this action alleges that Defendant was negligent in maintaining the subject premises and in hiring, training, and supervising its employees, which caused Plaintiff to slip and fall. *Exhibit A* 3:1-5:26. Plaintiff seeks to recover general and special damages, as well as attorneys' fees and costs. *Id*. at 6:4-7. Plaintiff alleges she sustained physical and mental pain and suffering as a result of the subject accident. *Id*. at 10:29. In the Complaint, Plaintiff prayed for general damages in excess of $15,000. *Id*. at 6:4.

Nevada rules require that, if a plaintiff seeks any damages over $15,000, the Complaint must only include a request for damages "in excess of $15,000 without further specification of amount." *NRCP 8(a)(4)*. Thus, plaintiffs in Nevada are prohibited from including a calculation of actual damages sought in their Complaints. As such, the Court must look elsewhere to determine appropriateness for removal.



A defendant's duty is not to prove by a preponderance of the evidence that the plaintiff is likely to recover an amount in excess of the threshold. Rather, the jurisdictional minimum in diversity cases is determined by the amount at stake to either party. *Hamrick v. REO Props. Corp.*, 2010 U.S. Dist. LEXIS 85073 (D. Nev. 2010). In other words, the amount in controversy is satisfied when the plaintiff's potential gain exceeds the jurisdictional limit. *Id*. The pertinent question the Court is to ask is whether or not plaintiff is likely to ask a jury for an amount above $75,000.00. *Canonico v. Seals*, 2013 U.S. Dist. LEXIS 60047 (D. Nev. 2013). As such, the appropriate figure to use in determining whether a defendant presents adequate evidence to establish the amount in controversy is not the probable amount that Plaintiff will recover, but rather the total potential value of Plaintiff's claims considering all of the allegations and all the asserted damages. If Defendant can show by a preponderance of evidence that (1) Plaintiff is likely to ask from the jury an amount over the jurisdictional threshold, or (2) were a jury to award Plaintiff full recovery, that award would be over the jurisdictional threshold, then jurisdiction with the Federal Court should remain.

According to Plaintiff's Request for Exemption from Arbitration, Plaintiff's past medical specials totaled only $52,087.37, thus, it was questionable whether the jurisdictional minimum to remove the instant matter would be satisfied. *Request for Exemption from Arbitration*, attached hereto as **Exhibit D**.

Moreover, Plaintiff's Initial and First Supplemental NRCP 16.1 Disclosures included a computation of damages that totaled only $55,228.28 and $57,703.28, respectively. *Plaintiff's Initial NRCP 16.1 Disclosure* at 6:5, attached hereto as **Exhibit E** (exhibits omitted); *Plaintiff's First Supplemental NRCP 16.1 Disclosure* at 6:17, attached hereto as **Exhibit F** (exhibits omitted).

8. The case became removable on June 20, 2020, when Plaintiff produced a writing from which it may be first ascertained that the case is removable. 28 U.S.C. § § 1446(b). Specifically, Plaintiff's Response to Defendant's Request for Admission No. 7, admitted that her "total damages for all claims exceed $75,000" thereby satisfying the jurisdictional threshold of an amount in controversy over $75,000. *Plaintiff's Responses to Defendant's Requests for*



*Admissions* at 3:11-15, attached hereto as **Exhibit G**.

9. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332. Because the parties are diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, pursuant to 28 U.S.C. §1441 Defendant is entitled to remove this action to this court.

10. This notice is filed timely pursuant to 28 U.S.C. §1446(b)(3). Thirty days have not elapsed since the case became removable on June 20, 2022.

11. The State Court Action commenced on August 25, 2021, and therefore, one year has not elapsed before the date of this removal.

12. Based on the foregoing, Defendant respectfully submits that (a) there is diversity of citizenship between Plaintiff and Defendant, effective June 20, 2022, and b) the amount in controversy exceeds $75,000.00. This action is therefore properly removed to the United States District Court for the District of Nevada.

13. A true and correct copy of this Notice of Removal will be filed with the Clerk for the Eighth Judicial District Court, Clark County, Nevada.

14. Based on the foregoing, Defendant removes the claims against it currently pending in the Eighth Judicial District Court, Clark County, Nevada as Case No. A-21-840107-C.

DATED this 20th day of July, 2022.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By    /s/ Laureen P. Frister
LAUREEN P. FRISTER, ESQ.
Nevada Bar No. 13217
VIVIENNE RAKOWSKY, ESQ.
Nevada Bar No. 9160
*Attorneys for Defendant Lowe's Home Centers, LLC d/b/a Lowe's*

**CERTIFICATE OF SERVICE**

Pursuant to F.R.C.P. 5(b), I certify that I am an employee of LEWIS BRISBOIS BISGAARD & SMITH LLP, and that on this 20th day of July, 2022, I did cause a true and correct copy of the foregoing **PETITION FOR REMOVAL UNDER 28 U.S.C. § 1441 (DIVERSITY)** in *Maria Rosario Munoz v. Lowe's Home Centers, et. al.* to be served via the Court's CM/ECF filing System.

Jacob S. Smith, Esq.
HENNES & HAIGHT
8972 Spanish Ridge Avenue
Las Vegas, NV 89148
Phone: (702) 862-8200
Facsimile: (702) 862-8204
Email: jake@hennessandhaight.com
*Attorney for Plaintiff*

By /s/ Lucille Quintana
An Employee of
LEWIS BRISBOIS BISGAARD & SMITH LLP