Electronically Filed
8/25/2021 1:05 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
JACOB S. SMITH, ESQ.
Nevada Bar No. 10231
HENNESS & HAIGHT
8972 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Tel: (702) 862-8200
Fax: (702) 862-8204
jake@hennessandhaight.com
*Attorneys for Plaintiff*

CASE NO: A-21-840107-C
Department 4

# DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| MARIA ROSARIO MUÑOZ,<br><br>Plaintiff,<br><br>vs.<br><br>LOWE'S HOME CENTERS, LLC d/b/a LOWE'S; and DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.:<br>Dept. No.:<br><br>**COMPLAINT** |

Plaintiff, MARIA ROSARIO MUÑOZ, by and through her attorney of record, JACOB S. SMITH, ESQ. of the law offices of HENNESS & HAIGHT, and for her causes of action against Defendants, and each of them, alleges as follows:

1. That at all times relevant to these proceedings, Plaintiff, MARIA ROSARIO MUÑOZ ("Plaintiff"), was and is a resident of the County of Clark, State of Nevada.

2. That at all times relevant to these proceedings and upon information and belief, Defendant, LOWE'S HOME CENTERS, LLC d/b/a LOWE'S, (hereinafter referred to as Defendant LOWE'S) was and is a limited-liability company authorized to do and doing business in the County of Clark, State of Nevada as LOWE'S.

3. Pursuant to NRCP 10(a) and *Nurenberger Hercules-Werke GMBH v. Virostek*, 107 Nev. 873, 822 P.2d 1100 (1991), the true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOES I through X, DOE EMPLOYEES I

1

1  through X, and ROE CORPORATIONS I through X, are unknown to Plaintiff, who, therefore, sue
2  said Defendants by said fictitious names. Upon information and belief, these DOE and ROE
3  Defendants, and each of them, are responsible in some manner for the events and happenings upon
4  which this action is premised, or of similar actions directed against Plaintiff about which Plaintiff
5  is presently unaware, and which directly and proximately caused injury and damages to Plaintiff
6  as herein alleged. DOE and ROE Defendants include, but are not limited to employees, independent
7  contractors, subcontractors, suppliers, cleaning personnel, maintenance staff, and/or volunteers.
8  Plaintiff will ask leave of this Court to amend her Complaint to insert the true names and capacities
9  of DOES I through X, DOE EMPLOYEES I through X, and ROE CORPORATIONS I through
10 X, when the same have been ascertained and to join such Defendants in this action.

11    4.   Upon information and belief, at all times mentioned herein, each Defendant was
12 acting as the agent, servant, alter ego, and/or employee of each other Defendant.

13    5.   That hereinafter references to "Defendants" include collective reference to all
14 named Defendants, and all DOE and ROE Defendants who might have performed or failed to
15 perform the same actions hereinafter alleged committed by the named Defendants.

16    6.   That Defendants, and each of them, include the subsidiaries, parent companies,
17 successors and predecessors in interest, assignees, alter egos, or otherwise, and are liable for the
18 liabilities of Defendants, and each of them. At all times mentioned herein, each Defendant was
19 acting as the agent, servant, and/or employee of each other Defendant.

20    7.   Such DOES, DOE EMPLOYEES and ROE CORPORATIONS, include, but are
21 not limited to the predecessors and successors in interest of Defendants, and each of them.

22    8.   At all times mentioned herein, Defendants, and each of them, were the agents,
23 servants, partners and/or employees of each and every other Defendant, and were acting within the
24 course and scope of their agency, partnership and or/employment.

25    9.   This Court has jurisdiction over Defendant since Defendant was in Clark County,
26 Nevada at the time of the subject incident. Further, this case involves damages exceeding
27 $15,000.00. Venue is proper, as the subject incident and conduct of Defendant occurred within
28 Clark County in the state of Nevada.

## FIRST CAUSE OF ACTION

### (NEGLIGENCE AS TO ALL DEFENDANTS)

10. Plaintiff re-alleges and incorporates by reference the allegations contained the preceding paragraphs of this Complaint as though fully set forth herein.

11. Defendants, and each of them, owned, and were charged with controlling, inspecting, maintaining, managing, or were otherwise responsible for the condition of the premises located within Defendant, LOWE'S HOME CENTERS, LLC, Store No. 2477, located at 2465 N. Nellis Blvd., Las Vegas, Nevada 89115, Store No. 2477.

12. Defendants, and each of them, owed a duty to its patrons, including Plaintiff, to maintain the premises in a reasonable safe manner.

13. That on or about September 11, 2019, while Plaintiff was a patron on the premises of Defendant LOWE'S HOME CENTERS, LLC Store No. 2477, located at 2465 N. Nellis Blvd., Las Vegs, Nevada, and Defendants, and each of them, breached their duty to Plaintiff by carelessly and negligently creating, owning, controlling, inspecting, and maintaining the premises in an unstable and dangerous condition so as to allow a hazardous condition to exist in the store which caused Plaintiff to slip and fall, and as a proximate result thereof, Plaintiff was injured.

14. That on or about September 11, 2019, Defendants, and each of them, failed to properly ensure that objects and/or substances would not end up on the floor and cause a hazardous condition.

15. That on or about September 11, 2019, Defendants, and each of them, failed to properly warn of the dangerous condition which they knew or should have known were on the floor.

16. That on or about September 11, 2019, as a direct and proximate result of the negligent acts and/or omissions and or breach of duty of Defendants and/or their employees and agents, Plaintiff sustained severe and debilitating injuries.

17. That as a further direct and proximate result of the aforesaid negligence of Defendants, and each of them, Plaintiff has incurred substantial out-of-pocket expenses including, but not limited to, money spent for prescriptions, medication, and medical expenses.

3

18. That as a further direct and proximate result of the aforesaid negligence of Defendants, and each of them, Plaintiff has endured physical and emotional pain and suffering. It is further expected that Plaintiff will be forced to endure future physical and emotional pain associated with his continued medical treatment, recuperation, and limitations associated with his injuries into the foreseeable future.

19. That as a further and direct proximate cause of the negligence of the Defendants, and each of them, Plaintiff has suffered and continues to suffer significant deterioration in her enjoyment of life and lifestyle.

20. That as a further direct and proximate result of other aforesaid negligence of Defendants, and each of them, Plaintiff incurred damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

21. That Plaintiff has further been forced to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees and costs of suit incurred herein.

## SECOND CAUSE OF ACTION

(NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION)

22. Plaintiff re-alleges and incorporates by reference the allegations contained in all the preceding paragraphs of this Complaint as though fully set forth herein.

23. Defendant LOWE'S had a duty to exercise ordinary and reasonable care in the screening and hiring of its employees to ensure that they were qualified and suitable to perform the duties in a reasonably safe manner, and to thereafter provide such employees with the proper and necessary training and supervision so that the employees do not cause harm to the public during the course and scope of their employment.

24. Defendant LOWE'S breached this duty by failing to exercise ordinary and reasonable care in screening, hiring, training, supervision and retention of its employees, which caused the subject incident to occur.

25. As a result of Defendant LOWE'S's failure to adequately screen, hire, train, supervise and/or retain its employees, those employees failed to address a hazardous condition on the floor of the Defendant store.

26. Plaintiff slipped, fell, and was injured due to the hazardous condition on the floor of the store that was allowed to exist as a result of Defendant LOWE'S's failure to adequately screen, hire, train, supervise and/or retain its employees.

27. The negligence, carelessness, and recklessness of Defendant LOWE'S in its screening, hiring, training, supervision and retention of its employees, were the actual and proximate cause of Plaintiff's injuries and damages.

28. That as a further direct and proximate result of the aforesaid negligence of Defendants, and each of them, Plaintiff has incurred substantial out-of-pocket expenses including, but not limited to, money spent for prescriptions, medication, and medical expenses.

29. That as a further direct and proximate result of the aforesaid negligence of Defendants, and each of them, Plaintiff has endured physical and emotional pain and suffering. It is further expected that Plaintiff will be forced to endure future physical and emotional pain associated with her continued medical treatment, recuperation, physical therapy and limitations associated with her injuries into the foreseeable future.

30. That as a further and direct proximate cause of the negligence of the Defendants, and each of them, Plaintiff has suffered and continues to suffer significant deterioration in her enjoyment of life and lifestyle.

31. That as a further direct and proximate result of other aforesaid negligence of Defendants, and each of them, Plaintiff incurred general damages well in excess of Seventy-Five Thousand Dollars ($75,000.00).

32. That as a further direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff incurred, and will incur in the future, medical expenses, including but not limited to expenses incurred related to recommended surgeries, in an amount to be proven at the time of trial.

33. That Plaintiff has further been forced to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees and costs of suit incurred herein.

///

///

5

WHEREFORE, Plaintiff expressly reserving the right to amend her Complaint at the time of trial of the actions herein to include all items of damages not yet ascertained, demands judgment against Defendants, and each of them, as follows:

1. General damages in an amount in excess of $15,000.00;
2. Damages for costs of medical care and treatment and costs incidental thereto, when the same have been fully ascertained;
3. Reasonable attorneys' fees and costs of suit incurred herein; and
4. For such other and further relief as the Court may deem proper in the premises.

DATED this 25th day of August, 2021.

HENNESS & HAIGHT

_____
JACOB S. SMITH, ESQ.
Nevada Bar No. 10231
HENNESS & HAIGHT
8972 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorney for Plaintiff*

6